UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRELL HENDERSON,

      Plaintiff,

                                        Case No. 1:24-cv-166

v.

                                        Hon. Hala Y. Jarbou

MATTHEW BOROWICZ, et al.,

      Defendants.

_____/

## <u>ORDER REGARDING REPORT AND RECOMMENDATION</u>

Plaintiff Tyrell Henderson, proceeding pro se, brings this prisoner civil rights lawsuit against Defendant Matthew Borowicz, a Michigan Department of Corrections (MDOC) officer, alleging excessive use of force and retaliation.[1]  Before the Court is a report and recommendation (R&R) from Magistrate Judge Sally J. Berens (ECF No. 60) recommending that the Court grant Borowicz's motion for summary judgment and dismiss the case.  Henderson has filed objections to the R&R (ECF No. 63) and moved for an extension of time to file additional objections (ECF No. 68).  For the reasons explained below, the Court will deny the motion for an extension and approve the R&R.

### A. Motion for Extension

The R&R was issued on January 9, 2026, and set a 14-day deadline for objections.  On February 2, the Court received Henderson's objections to the R&R, as well as a motion for an extension of time to file objections.  The Court granted the extension to the extent that Henderson was seeking to treat the February 2 objections as timely filed (*see* ECF No. 64).  On February 17,

---

[1] Plaintiff initially named an additional defendant, Gabriel Wilhelm, who has since been dismissed (ECF No. 34).

the Court received another motion for extension from Henderson, who apparently seeks to file additional objections to the R&R.  Henderson represents that various circumstances have hindered his ability to file objections, including a "campaign of harassment and tampering with incoming legal mail" and "inadequate access to [the] law library."  (Mot. for Ext., ECF No. 68, PageID.410.) But Henderson does not provide a sufficient explanation of these circumstances or evidence that he has been prevented from researching or filing objections.  Indeed, the fact that he has filed objections suggests the opposite.  The Court will therefore deny the motion for an extension.

Henderson also argues that he needs additional time to obtain evidence, which the Court construes as a request for additional discovery under Rule 56(d).  *See* Fed. R. Civ. P. 56(d).  That rule applies when a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Id.*  Under such circumstances, the Court may allow additional time for discovery or "issue any other appropriate order."  *Id.*  Here, Henderson represents that he needs additional evidence relating to "exhibits in the possession of the M.D.O.C., videotape evidence to support [his] claim, medical records, photos to show [a] large hematoma," "X-Ray findings of the back and neck," "M.D.O.C. [Policy Directive] 02.01.105," and "denial of [a] polygraph examination."  (Mot. for Ext., PageID.410.)

Henderson fails to meet the Rule 56(d) standard for several reasons.  First, Henderson did not request additional discovery in response to Borowicz's motion for summary judgment, and an argument "raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010).  Second, Henderson's representations as to the need for additional discovery are not contained in an "affidavit or declaration" as required by Rule 56(d).  Finally, Henderson has not explained why he was unable

to obtain these records during the discovery period.  *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (in deciding request for additional discovery under Rule 56, court should consider "when the [party] learned of the issue that is the subject of the desired discovery" and "whether the [party] was dilatory in its discovery efforts").  Therefore, the Court will deny Henderson's request for additional discovery.

### B. Objections to the R&R

The magistrate judge concluded that Henderson has not presented evidence creating a genuine dispute as to Borowicz's use of excessive force or retaliatory conduct.  Henderson raises several objections to this conclusion.  Under Rule 72 of the Federal Rules of Civil Procedure, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  However, a party's objections must address specific issues in the R&R; "a general or non-specific objection to a report and recommendation is tantamount to no objection at all."  *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008).

Henderson's first objection is that the report and recommendation "resolve[d] disputed issues of fact in favor of Defendants."  (Objs., ECF No. 63, PageID.395.)  But Henderson does not point to any examples of disputed issues of fact.  And the Court disagrees with his assertion that the magistrate judge resolved disputed issues of fact, aside from the facts established by Henderson's misconduct hearing that the Court gives preclusive effect under *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013).  *See also Roberson v. Torres*, 770 F.3d 398, 404–05 (6th Cir. 2014) (clarifying scope of *Peterson*).  Second, Henderson argues that the magistrate judge did not liberally construe his pleadings, but pleading standards are inapplicable at the summary judgment stage.  Finally, Henderson contends that the Court should not have dismissed some of his claims

3

at the screening stage before discovery occurred.  But that dismissal occurred almost two years ago (*see* ECF No. 6), and there is no reason to revisit it here.

In short, Henderson's objections are meritless, and the Court is satisfied that the R&R makes a sound recommendation.  Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 63) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension (ECF No. 68) is **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 60) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preservation order (ECF No. 69) is **DENIED AS MOOT**.

A judgment will issue in accordance with this Order.

Dated: February 25, 2026                        /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                CHIEF UNITED STATES DISTRICT JUDGE